Plaintiff-appellant, Martha F. Sayre, appeals from a decision of the Franklin County Court of Common Pleas granting the summary judgment motion of defendant-appellee, Ameritech Pay Phone Services, Inc.
Appellant filed a complaint alleging that appellee discriminated against her on the basis of her age and sex by not hiring her for the position of account executive in Columbus, Ohio. Appellee filed an answer denying the allegations of appellant's complaint. After initial discovery, appellee filed a motion for summary judgment. Appellant filed a memorandum contra, and appellee filed a reply brief in support of the motion for summary judgment. The trial court issued a decision sustaining appellee's motion for summary judgment, finding that appellant failed to establish a prima facie case of age or sex discrimination under R.C. 4112.02 or 4112.99. Appellant filed a timely notice of appeal.
On appeal, appellant asserts a single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE IN THAT A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO WHETHER THE PLAINTIFF-APPELLANT APPLIED FOR THE POSITION FOR WHICH SHE WAS DENIED.
Appellant, a forty-five-year-old woman at the time of the alleged discrimination, has been employed by appellee since 1978. At the time of the alleged discrimination, she held the position of pay phone sales representative. In addition, she served as union steward for the Communication Workers of America at the time.
On October 16, 1996, appellee announced in an electronic newsletter, entitled Pay Phone News, that a management account executive position was being created in Columbus, Ohio. The advertisement indicated that inquires regarding the position should be directed to Jack Brinkman, the Columbus area franchise manager. When appellant discussed the position with Brinkman, her supervisor, he informed her and several others who had inquired that the posting was in error and that the job did not exist. Appellant's inquiries about the position were related to her concern that the position was bargained-for work that was posted as a management position. Subsequently, appellant participated in a grievance proceeding between appellee and the union over the position.
One week later, Brinkman obtained approval for the position. He posted the position in Job Link, a management oriented electronic news bulletin. Receiving no responses, Brinkman arranged for the position to be advertised in The Columbus Dispatch on November 3, 1996. Brinkman received numerous applications for the position from the newspaper advertisement. Appellant did not formally apply for the position. Brinkman interviewed seven of these applicants, and he had two applicants, Tammy Morrison (a thirty-four-year-old woman) and Steve Kleinknecht (a thirty-eight-year-old man), evaluated by an outside sales assessment firm. Brinkman hired Morrison because she performed better on the sales evaluation.
In February 1997, Brinkman received authorization to hire another account executive in Columbus, Ohio. Brinkman did not advertise this second position due to the recentness of the prior opening. Instead, he offered the position to Kleinknecht who had already been evaluated and was his second choice for the first position. Kleinknecht accepted the second account executive position and began working for appellee.
In appellant's single assignment of error, she argues that the trial court erred in granting appellant's summary judgment motion because a genuine issue of material fact existed as to whether she applied for the position. We disagree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of Commrs.
(1993), 87 Ohio App.3d 704, 711. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
The Supreme Court of Ohio delineated the allocation of the evidentiary burdens for the moving and the nonmoving party in a summary judgment motion where the moving party asserts that the nonmoving party cannot prove its case in Dresher v. Burt (1996),75 Ohio St.3d 280, 293, interpreting Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. In Dresher, the Ohio Supreme Court held that:
 * * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis sic.)
Id. The court explained that a nonmoving party cannot rest upon the allegations of the pleadings but must respond with affidavits or similar evidentiary materials demonstrating that a genuine issue of material fact exists for trial. Id. citing Civ.R. 53(E).
Appellant asserts her claims of employment discrimination on the basis of age and sex under R.C. 4112.02 and 4112.99, which prohibit an employer from making employment decisions, including hiring and promotions, on the basis of age and sex, among other protected classes. R.C. 4112.02(A). "Age" is defined in R.C. 4112.01(A)(14) as "at least forty years old." The Ohio Supreme Court has held that federal case law interpreting Title VII is applicable when construing R.C. Chapter 4112.Plumbers Steamfitters Commt. v. Ohio Civil Rights Comm. (1981),66 Ohio St.2d 192, 196.
To establish a prima facie case of employment discrimination in hiring under Title VII, a complainant must show:
 * * *(i) [T]hat he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. * * *
McDonnell Douglas Corp. v. Green (1973), 411 U.S. 792, 802,93 S.Ct. 1817, 36 L.Ed.2d 668. The United States Supreme Court noted that the factors of the prima facie case are flexible depending upon the circumstances of each case. Id. at fn.13. In TexasDept. of Community Affairs v. Burdine (1981), 450 U.S. 248, 253,101 S.Ct. 1089, 1094, 67 L.Ed.2d 207, 215, the Supreme Court modified somewhat the prima facie case from McDonnell Douglas to fit the facts of the case: "[t]he plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." This court utilized the prima facie case standard from Burdine in Mercy Hosp. Assn. v. Ohio Civ. RightsComm. (1989), 65 Ohio App.3d 613, 617, which involved allegations of racial discrimination based on a hospital's failure to hire an African-American as an operating room nurse in violation of R.C.4112.02.
Here, it is undisputed that appellant is a woman who was at least forty years old at the time of the alleged discrimination. Applying the prima facie case standard fromBurdine and construing the evidence most strongly in favor of appellant, however, we agree with the trial court that appellant has failed to establish a prima facie case because she failed to establish that she applied for the position. Appellant's claim of employment discrimination is limited to the second account executive position, which is the position filled in February 1997, by Kleinknecht. However, we will address her actions in relation to the first account executive position to the extent that her actions relate to appellee's filling of the second position.
The original posting for the first account executive position, on October 16, 1996, was in error according to Brinkman because he had not yet received approval for the position. Although appellant stated that she believes that Brinkman was interviewing individuals while telling her that there was no position, she produced no evidence indicating that anyone applied or was interviewed based on the erroneous advertisement. Moreover, she admitted in her deposition that she did not know when the approval came or when Brinkman began interviewing for the position. Thus, appellant failed to establish that the first posting was not in error.
Once he obtained approval for the position, which was one week later, Brinkman advertised the position in a management electronic newsletter and, upon receiving no response, then in The Columbus Dispatch on November 3, 1996. After the advertisement appeared in the newspaper, Brinkman received numerous applications for this position, from which he conducted seven interviews and had two candidates assessed for sales aptitude. Appellant was not among the applicants who responded to the advertisement in The Columbus Dispatch. Brinkman hired Morrison because she performed better on the assessment. He obtained approval for the second position in February 1997. He did not advertise the second position or conduct any interviews. Instead, Brinkman hired Kleinknecht, who had already been assessed and was his second choice for the first position.
Although appellant argues that she told Brinkman that she was interested in the position and that she would like to apply, she was unable to identify whether she had this discussion before or after approval being granted for the position. In appellant's deposition, she stated that her initial contact with Brinkman about the position related to her concern over the position depopulating bargained for work. Moreover, appellant acknowledged in her deposition that she had no other discussions with Brinkman regarding the position outside of the context of the grievance procedure she participated in on behalf of the union. Appellant admits she never applied for the position, but she argues that she did not apply because she was told that the position did not exist. Thus, appellant's own deposition testimony undermines her argument. Both her initial contact with Brinkman and her subsequent contact were related to her grieving what she felt was the conversion of union work to a management position. Additionally, no one could have applied for the second position because Brinkman offered the job to the candidate who was his second choice from the first opening. Appellant offered no evidence that there was any company policy against hiring in this manner. Consequently, we agree with the trial court's conclusion that appellant failed to establish that she applied for the position.
Appellee also asserts that appellant could not have been considered for the position because she had received a poor performance evaluation and because she was on warning status due to poor performance and attendance. In Brinkman's affidavit, he stated that it is company policy not to consider employees on warning status for promotions. Appellant offered no evidence whatsoever to counter these assertions by appellee. In fact, she admitted in her deposition to the poor performance evaluation and that Brinkman's supervisor, Barb Gerald, had said that she would not hire appellant. Thus, appellant also failed to establish that she was qualified for the position.
Appellant failed to meet her evidentiary burden underDresher and Civ.R. 56(E) by failing to introduce any evidence beyond the mere allegations of her pleadings demonstrating a genuine issue of material fact. Thus, the trial court did not err in concluding that appellant failed to establish a prima facie case of employment discrimination based on age and sex, and in granting appellee's summary judgment motion. Consequently, appellant's single assignment of error is overruled.
Based upon the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.